# The U. B. Mutual Aid Society *versus* Miller, Administrator, &c.

The U. B. Mutual Aid Society, in pursuance of its chartered power, issued to A. a certificate of membership which entitled B., "his wife, her heirs or assigns, upon the death of said A., to $3,000." The wife died intestate during A.'s lifetime, leaving five children. Afterwards A. died, insolvent. The Society thereupon paid the $3,000 to said five children, who surrendered the original certificate. Subsequently letters of administration were granted on the estate of B., and the administrator (who was also assignee for benefit of creditors of A.) brought suit against the society to recover the amount of the certificate. The court below directed a verdict for plaintiff, and upon a question reserved, entered judgment for plaintiff for one sixth of the amount of the certi-

ficate with interest, holding that as A. survived his wife, he or his estate was entitled to share equally with the five children in the proceeds of the policy, and that the payment by the society of the whole amount thereof to said children was no defence to the plaintiff's claim for such one sixth part thereof.

*Held*, that there was no error in the judgment.

June 6th, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Dauphin county*: Of May Term, 1884, No. 39.

Debt, by Jacob F. Miller, administrator of Elizabeth Clay, deceased, against The U. B. Mutual Aid Society, upon a certificate of membership or policy of insurance issued by said company. Pleas, *nil debet*, payment with leave, &c.

On the trial, before SIMONTON, P. J., the evidence was to the following effect:

The defendant corporation was chartered by special Act of Assembly, approved March 11th, 1869 (P. L. 1869, p. 310), section 3 of which is as follows:—

"Any person under the age of sixty-five years may become a member of the said association, under such rules and regulations as shall be adopted as by-laws of the company, and by signing an agreement to pay a pro rata proportion on the death of any member, which each member shall be liable for, and in default of the payment thereof, after thirty days' notice, shall cease to be a member and shall forfeit all right, title and interest in said company, together with the amount he or she may have previously paid."

On July 27th, 1875, the said corporation issued a certificate, of which the following is the portion material to this case:

$3,000.	No. 167.

By this certificate of membership the U. B. Mutual Aid Society of Pennsylvania (home office, Lebanon, Pa.), witnesseth that Mr. Daniel Clay has paid twenty-four dollars, his first annual payment, the receipt of which is hereby acknowledged, and has become a member in said U. B. Mutual Aid Society of Pennsylvania, in class No. 2, division C. This membership entitles Mrs. Elizabeth Clay (his wife), her heirs or assigns, upon the death of said Mr. Daniel Clay, to three thousand dollars. . . . . .

Elizabeth Clay, the beneficiary named in the certificate, died February 20th, 1879, intestate, without any indebtedness, leaving to survive her her husband and five children. Daniel Clay, her husband, died January 20th, 1881, intestate and insolvent, having fully complied with the conditions of membership. He had, on December 2d, 1879, made a general assignment for the benefit of creditors to Jacob F. Miller.

On May 23d, 1881, the society defendant, upon the demand of the said five children of Daniel and Elizabeth Clay, and upon the production and surrender by them of the original certificate, paid to them the sum of $3,000, being the full amount payable under said certificate.

Subsequently, the above-named Jacob F. Miller took out letters of administration upon the estate of Elizabeth Clay, deceased, and brought this suit against the corporation defendant, claiming to recover the amount of said certificate, on the ground that the said payment thereof to the five children of Mrs. Clay was unauthorized and illegal.

The court instructed the jury to find a verdict for the plaintiff for $3,408.40, subject to the following question reserved :—

" On July 27th, 1875, a policy of insurance was issued by defendants, payable to ' Elizabeth Clay, her heirs and assigns,' for $3,000, on the death of her husband, Daniel Clay. Elizabeth Clay died February 11th, 1879, intestate, solvent and without indebtedness. Daniel Clay paid the fees and assessments on the policy until January 26th, 1881, when he died, intestate and insolvent, leaving five children, issue of the body of Elizabeth. Defendant, after his death, paid the whole proceeds of the policy to said five children. Is Daniel's estate entitled to a share in said proceeds ? "

Verdict accordingly for the plaintiff, for the amount stated.

The court (SIMONTON, P. J.), subsequently filed the following opinion and judgment (after reciting the reserved question as above) :

We think this point is settled by Deginther's Appeal, 2 Nor. 337, and Anderson's Estate, 4 Id. 202, when read in connection with Eby's Appeal, 3 Nor. 241, citing Gibbons *v.* Fairlamb, 2 Casey 217, in favor of the right of the husband's estate to share in the proceeds of the policy.

By strict right, the administrator of Elizabeth Clay, deceased, through whom all those entitled to share in the proceeds of this policy derive their right, would of course receive the whole amount, but as those to whom it has already been paid are entitled to five-sixths of it, there being no debts due from her estate, and as her administrator desires to, recover only the amount for which he can be held accountable by the estate of Daniel Clay, we direct judgment to be entered on the verdict and reserved point in favor of plaintiff and against defendant for one sixth of the proceeds of the policy, to wit: the sum of five hundred and sixty-eight dollars and six cents ($568.06), as of December 20th, 1883, the date of the verdict, on payment of the jury fee.

[Mutual Aid Society v. Miller.]

The defendant took this writ of error, assigning for error, in substance, the judgment of the court.

*John Benson,* and *Fleming & McCarrell,* for the plaintiff in error.—The defendant is a mutual aid society, not an insurance company, and the certificate of membership is not a policy of insurance, as the court below called it: See charter and certificate, and Com'th v. National Mut. Aid Association, 13 Norris 481. The cases of Deginther's Appeal, 2 Norris 337, and Anderson's Estate, 4 Norris 202, relied upon by the court below, are inapplicable. Besides, the policies in those cases were payable to the wife of the insured, " her executors, administrators and assigns," thus indicating that the fund would become part of the wife's estate. The words used in this certificate, viz.: " heirs or assigns," negative the idea that this fund was to be a part of the wife's estate, in case she did not survive her husband. Her legal representatives, as such, are not among the persons entitled to payment by the terms of the certificate. The word " *heirs* " in the certificate must be construed as to effectuate the intention of the member. We contend that this case falls within that class of cases referred to in Hodge's Appeal, 8 W. N. C. 209, where it was held that the fund arising from membership in a beneficial association is " no part of the estate of the deceased member, and his administrator has no right to receive it as assets for the payment of debts." As was stated in that case, the word " heirs " in the present certificate should have been held to mean the " next of kin " of Elizabeth Clay, the beneficiary, living at the time the benefits of membership in the association became due and payable. So construing the word heirs would have excluded the husband (Abbey's Estate, 13 W. N. C. 535; affirmed in Ivins's Appeal, 15 W. N. C. 165; s. c., 10 Out. 176), and thus have carried into effect the manifest intention of Daniel Clay when he obtained his certificate of membership from this plaintiff in error, and the intention and purpose of the society which granted said certificate. That he did intend to provide for his *wife* and *children* is plain ; and in order to carry out this undoubted intention, the court below should have construed the word " heirs " in this certificate to mean the children of Elizabeth Clay.

Even if Daniel Clay was an heir of his wife, within the meaning of the aforesaid certificate of membership, he was simply a joint owner of said certificate, with her other heirs, and a joint payee with them, of the benefits of membership accruing under said certificate. Payment was made to five of the joint payees, who surrendered the certificate. Payment to one of several·joint payees is a good discharge of an obliga-

[Railroad Co. *v.* Eby.]

tion, and the obligees must settle with each other for their respective portions of the fund paid. The assignee of Daniel Clay had ample remedy against these joint payees, if he had any title to share in the fund received by them, and to them and to them alone he should have been compelled to look by the court below.

*Mumma & Shopp* for the defendant in error.

The opinion of the court was filed October 6th, 1884.

PER CURIAM. The fact that this association has some features to distinguish it from a life insurance company does not establish any error in this judgment. The husband inherited from his wife. The cases of Anderson's Appeal, 4 Norris 202, and Deginther's Appeal, 2 Id. 337, fully sustain the opinion of the court below, and rule this case.

Judgment affirmed.